**MATHESON et al. v. NATIONAL SURETY CO. et al. ***

No. 5991.

Circuit Court of Appeals, Ninth Circuit.
May 26, 1930.

*Rehearing denied July 14, 1930.

156

James Wickersham, of Juneau, Alaska, for appellants.

Hellenthal & Hellenthal, of Juneau, Alaska, for appellee National Surety Co.

Argued before DIETRICH and WILBUR, Circuit Judges; and NETERER, District Judge.

NETERER, District Judge (after stating the facts).

Appeal lies from all orders of the commissioner exercising probate jurisdiction. Section 1772, Comp. Laws 1913 Alaska (Code of Civil Procedure). Exception may be filed with the commissioner allowing semiannual or final accounts, etc., and, upon such exception being filed, the commissioner shall make a transcript of all files, papers, and evidence pertaining to those orders, and forward same to the clerk of the district court. Section 1773, Comp. Laws 1913 Alaska (C. C. P.). "Upon the filing of such exceptions the district judge shall proceed on due notice to hear and determine the same * * * and for that purpose may receive and entertain affidavits and depositions or hear oral evidence." Section 1774, Comp. Laws 1913 Alaska (C. C. P.). "Upon such hearing the district court or judge thereof shall determine the issues so raised according to the very right of the matter and make such order in the premises as he may see fit." Section 1775, Comp. Laws 1913 Alaska (C. C. P.).

This statute obviously reposes discretion in the court to administer justice in so far as it may be humanly done, but it does not supervene rules of evidence. The scope and extent of review on appeal, in view of the Alaska statute making all orders and allowances and rejection of claims semiannual, annual, and final reports final, in that they are subject to appeal, is restricted to matters as to which it is alleged the trial court erred. 24 C. J. §§ 2518, 2519, p. 1049.

The issue before this court is the denial of the objection of the guardian to the evidence in support of allowance paid through store accounts, unsupported by proof in aid of the administratrix's report of the amount of merchandise furnished, and also to the allowance of claims for sustenance, without claim having been filed and allowed by the probate court or allowance duly made.

It may be said that the orders of the probate court, unappealed from, were competent evidence of their contents, and it was not necessary for the party offering the probate commissioner's orders to be sworn. It was not error to allow payments for support of widow and children on order of monthly allowance entered by the commissioner of probate without formal filing and allowance of claim for each payment. The items for support in issue were before the District Court for further amended report in National Surety Co. v. Matheson's Estate, 7 Alaska, 582; the court held the claims were proper items for consideration and should be included in the amended report, and proof should be taken in support. So far as the record discloses, no proof was tendered as to the correctness of the store accounts except statements and the verified report of the administratrix, and to this the guardian duly excepted.

Under the disclosed circumstances and conditions of the estate, we think the court erred in overruling the objections and not requiring the administratrix, or the surety in her behalf, to show by competent evidence that the amounts for which she claims credits, as having been paid out for the support of the minor children, were in fact so paid or furnished. The children had to be supported, and it is immaterial whether the administratrix furnished the requisite support by means of money or in the form of needed merchandise from the store; but, whether money or merchandise, it must be shown to have been supplied for the reasonable necessities of the children, exclusive of other persons. A prima facie case is not made out by the administratrix's report; it must be supported by competent proofs. What are competent proofs we do not discuss, for all we are deciding here is that her

report or account returned to the court does not in itself make a prima facie case or shift the burden of proof to the heirs. The claimed credits must be established by proofs which under all the circumstances are competent within the general rules of evidence.

The order appealed from is reversed, with directions to take further proceedings in harmony herewith. That there may be no misunderstanding, we expressly state that the case is opened only as to the claimed items of credit for the support of the children. If upon competent evidence it is found that the items are, in full, just credits, the decree should be substantially the same as that herein appealed from, except that, unless otherwise paid to the guardian, the costs of this appeal as taxed in his favor should go in reduction of the amount directed by the present decree to be paid to the surety company. And, if such credits are not fully established, judgment should go against the administratrix and the surety in favor of the children for their proportionate share of the deficit. And it is also directed that no other allowance than that now provided shall be made to the administratrix or in her behalf on account of attorney's fees or other expenses incident to further proceedings.